(30 Misc. Rep. 700.)

### In re FIELDING.

(Surrogate's Court, Kings County. March, 1900.)

TESTATOR'S DEBTS—DEVISEE—LIABILITY—DEATH—SALE OF LANDS—ADMINISTRATRIX.

> Code Civ. Proc. § 1843, provides that a testator's devisee shall be liable for the debts of the decedent arising by simple contract to the extent of the estate effectually devised to him. N. devised his entire estate, consisting of lands and an undertaking establishment, to his wife. After his death she continued the business, carrying on the books an account due the claimant from her testator. This account varied from time to time because of further transactions between the widow and claimant, but a balance always remained due the claimant. *Held*, that such balance would be allowed as a claim against the widow's estate on her death, and claimant's application to intervene in a proceeding to sell real property of her estate would be allowed.

Petition by Kate A. Fielding, as administratrix of the estate of Margaret Nolan, deceased, for leave to sell real estate. Thomas H. Ireland asks to intervene, and for the allowance of his claim against the estate. Application allowed.

Ernest H. Jackson, for petitioner.
Jacob Brenner, for claimant.
Wm. M. Benedict, for assignee of Rudolph Faber.
R. J. Morrison, for James Nolan creditor.
Burr, Coombs & Wilson, for heirs at law.

ABBOTT, S. If the claim presented by Thomas H. Ireland be a claim against the estate of Francis J. Nolan, and not against the

estate of Margaret Nolan, the claimant has no standing in this proceeding. By his will, Francis J. Nolan gave all of his estate, consisting chiefly of real property, to his wife, Margaret Nolan. His estate included his business as an undertaker, which he was carrying on at the time of his decease. His widow continued this business after his decease, and also continued entries in his books of account as though there had been no interruption of the business by the death of Francis J. Nolan. This business constituted a part of the assets of the estate acquired by Margaret Nolan under the will of Francis J. Nolan. Among other accounts in the books of Francis J. Nolan, at the time of his decease, was an account with the claimant in this proceeding, Thomas H. Ireland. The business transactions between Margaret Nolan and said Ireland were continued, and entries made in the books of account of Margaret Nolan, as though there had never been any change in the ownership of the business. Francis J. Nolan died in August, 1893. The account with Ireland was balanced in the books of account of the business by the bookkeeper of Margaret Nolan, on January 1, 1894, following the death of Francis J. Nolan, and Margaret Nolan then carried to the credit of Thomas H. Ireland, covering all transactions to that date between him and Francis J. Nolan and Margaret Nolan, a balance of $1,291. On July 31, 1894, the account was again balanced in the books, and a balance of $1,068.50 was carried forward to the credit of Ireland. The books were again balanced on January 10, 1896, and a credit of $946.50 was given to Ireland. After that date the books show only two transactions, one involving a debit of $8 against, and a credit of $7 to, Ireland, leaving a net debit of $1, or reducing the apparent indebtedness of Margaret Nolan, according to his books of account, to $945.50.

The only evidence offered by Ireland in proof of his claim are the admissions of Margaret Nolan contained in her books of account, and in these, if anywhere, must we find the evidence in support of Ireland's claim. Even if there were no other basis for the claim of Ireland, I should be inclined to think that the admissions of Margaret Nolan in her books of account would be sufficient. But, independently of these entries, I am of the opinion that as to the indebtedness of Francis J. Nolan to him the claimant has proven a valid claim against Margaret Nolan as sole devisee of Francis J. Nolan, under the provisions of section 1843 et seq. of the Code of Civil Procedure. After the expiration of three years from the grant of letters testamentary to Margaret Nolan under the will of Francis J. Nolan, Margaret Nolan, as sole devisee of Francis J. Nolan, became personally liable for the indebtedness of her husband to Ireland, under the provisions of these sections. All of the conditions to a recovery there prescribed exist in this case, and their existence has been proven before me. I see no reason why a claim against the estate of a deceased devisee, under the provisions of these sections, is not in all respects a proper claim to be made in a proceeding for the sale of such devisee's real property to pay debts. The cause of action does not arise until after three years from the grant of letters testamentary, and a creditor of the original testator may

elect whether he will proceed to procure his deceased debtor's real property to be sold to pay his debt, or rely upon the statutory liability of the devisee of his deceased debtor to pay the obligation. Section 1843 provides that the devisee of a testator is "liable for the debts of the decedent, arising by simple contract * * * to the extent of the estate * * * which * * * was effectually devised to" him. The application of Thomas H. Ireland to be allowed to intervene and be made a party to this proceeding is granted, with costs, and his claim to the amount indicated herein is allowed.

Decreed accordingly.